IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GABRIELA HOYOS AND | § | |
| GUILLERMO HOYOS | § | |
|     Plaintiffs | § | |
| | § | |
| | § | 5:19-cv-00534 |
| VS. | § | C.A. No. _____ |
| | § | |
| SELECT PORTFOLIO SERVICING, INC. | § | |
|     Defendant | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Select Portfolio Servicing, Inc. ("SPS" or "Defendant") through undersigned counsel, hereby removes this case from the 37th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division. Defendant denies the allegations of the Complaint and the damages contained therein, and files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court.

### I.     INTRODUCTION AND STATEMENT OF COMMENCEMENT OF ACTION

1.     On May 6, 2019, Plaintiffs Gabriela Hoyos and Guillermo Hoyos (**"Plaintiffs"**) commenced this action by filing Plaintiffs' Verified Original Petition, Application for Temporary Restraining Order, and Request for Injunctive Relief (the **"Complaint"**), Cause No. 2019-CI-09088 in the 37th District Court of Bexar County, Texas (the **"State Court Action"**).  See Exhibit C-1.  On the same date, Plaintiffs obtained an ex parte temporary restraining order seeking to preclude foreclosure for 14 days.  See Exhibit C-2.

2.     The State Court Action was and is filed for purposes of delaying a foreclosure sale on real property located at 129 Stone Hill, San Antonio, Texas 78258 (the **"Property"**).[1]

---

[1]     See the Complaint, pg. 3, ¶ 8.

3.      Pursuant to 28 U.S.C.A. § 1446(b) (West) of the Federal Rules of Civil Procedure, this Notice of Removal is timely filed within thirty (30) days of Defendant's first receipt of the initial state court pleading.[2]

## II.      PLEADINGS AND NOTICE TO STATE COURT

4.      True and correct copies of all process and pleadings in the State Court Action are being filed along with this Notice of Removal.  Pursuant to 28 U.S.C. §1446(d), written notice of this removal is being served on Plaintiffs and filed in the State Court Action.

## III.      STATEMENT OF STATUTORY BASIS FOR JURISDICTION AND VENUE

5.      This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. §1332(a)(1).  That statute provides, in pertinent part, that "the district courts shall have the original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."[3]  Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the State Court Action has been pending is located in this district.  As discussed in detail below, this action satisfies the statutory requirements for diversity of citizenship jurisdiction.

## IV.      DIVERSITY JURISDICTION

### A.      Citizenship of the Parties

6.      This civil action involves a controversy between citizens of different states.

7.      Plaintiffs are and were domiciled in Texas at all material times and were and are citizens of Texas for diversity purposes.[4]

---

[2]   *Bd. of Regents of Univ. of Texas Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).
[3]   28 U.S.C. §1332(a)(1).
[4]   See the Complaint, pg. 3, ¶ 8.

20060161.20190430/3279489.1

8.      Defendant, Select Portfolio Servicing, Inc., is a Utah Corporation.  A corporation is deemed to be a citizen of (1) every state where it has been incorporated and (2) the state where it has its principal place of business (i.e. its "nerve center").[5] Defendant is a Utah corporation with its principal place of business in Salt Lake City, Utah.  SPS is not incorporated in Texas, nor is its principal place of business located in Texas.  Therefore, SPS is a citizen of Utah for purposes of diversity jurisdiction.

9.      Because Plaintiffs are citizens of Texas and Defendant is a citizen of a state other than Texas, there is complete diversity of citizenship among the parties.[6]

**B.      Amount in Controversy**

10.     This case places an amount in controversy that exceeds the $75,000 threshold.  A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.[7] Such jurisdiction exists as long as the parties are completely diverse and the amount in controversy exceeds $75,000.00.[8]

11.     When ascertaining the amount in controversy in the context of a motion to remand, district courts query whether a plaintiff's state court petition, as it existed at the time of removal, alleged damages in excess of the statutory minimum.[9]  If the petition does not allege a specific amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy requirement is satisfied.[10]  The removing party satisfies this burden if the court finds it "facially apparent" that the plaintiff's claimed damages likely exceed

---

5       28 U.S.C.A. § 1332(c)(1).
6       *See* 28 U.S.C. § 332(c)(1).
7       *See* 28 U.S.C. §1441(a).
8       *See* 28 U.S.C. §1332(a).
9       *See S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 492 (5th Cir.1996).
10      *See Lewis v. State Farm Lloyds,* 205 F. Supp. 2d 706, 708 (S.D. Tex. 2002) citing *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir. 1993); *see also Manguno v. Prudential Prop. and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002) (explaining that the removing party bears the burden of showing that federal jurisdiction exists and that removal is proper).

$75,000.00.[11]   In this instance, Plaintiffs' Complaint makes it facially apparent that Plaintiffs' claimed damages exceed $75,000.00 given that Plaintiffs seek injunctive relief that would preclude a foreclosure sale on the collateral securing the subject loan and the value of the Property exceeds $75,000.00.[12]

12.     The value of the Property according to the Bexar County Appraisal District is no less than $552,780. *See* Exhibit D.

13.     Federal jurisdiction can be established by facts alleged in the petition for removal that support a conclusion that the amount in controversy requirement is satisfied.[13]   "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[14]   Plaintiffs seek relief which has and will continue to preclude enforcement of the contractual loan obligations or the right to foreclose on and take possession of the Property.

14.     "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[15]   "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."[16]   Also, where a party seeks to quiet title or undo a foreclosure, the object of the litigation is the property at issue and the amount in controversy is measured by the value of the property.[17]   The value of the Property in this instance for diversity purposes is no less than $552,780 per the records of the Bexar County Appraisal District for 2019.

[11]   *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995).
[12]   See Complaint, pgs. 5-6, and 7 - 9 ¶¶ 20, 27-31 and § X.
[13]   *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed. Appx. 62, 66, 2010 WL 445470, 2 (5th Cir. 2010) (unpublished) (*citing Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003)).
[14]   *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977).
[15]   W*aller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961).
[16]   *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996), citing *Leininger v. Leininger*, 705 F. 2d 727 (5th Cir. 1983).
[17]   *See Berry v. Chase Home Fin., LLC*, 2009 WL 2868224, at *2 (S.D. Tex. August 27, 2009).

20060161.20190430/3279489.1

*See* Exhibit D.   The value of the Property in this instance satisfies the jurisdictional amount of $75,000.00 for diversity purposes.

## V.     JURY DEMAND

15.     Plaintiffs have not made any known jury demand in the State Court Action.

## VI.     CONCLUSION

16.     For the foregoing reasons, Defendant asks the Court to remove this suit to the United States District Court for the Western District of Texas, San Antonio Division.

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
      Michael F. Hord Jr.
      State Bar No. 00784294
      Federal I.D. No. 16035
      Eric C. Mettenbrink
      State Bar No. 24043819
      Federal I.D. No. 569887
      HIRSCH & WESTHEIMER, P.C.
      1415 Louisiana, 36th Floor
      Houston, Texas  77002-2772
      713-220-9182 Telephone
      713-223-9319 Facsimile
      E-mail: mhord@hirschwest.com
      Email:  emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANT**

### CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of May 2019, a true and correct copy of the foregoing Notice of Removal was forwarded as follows:

Emma Cano
Jefferson Cano
112 East Pecan Street, Suite 1650
San Antonio, TX 78205
**Via Email and U.S. First Class Mail**

/s/ Michael F. Hord Jr.
Michael F. Hord Jr.

20060161.20190430/3279489.1